UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SONIA TODD | CIVIL ACTION |
| VERSUS | NO. 14-1101 |
| CITY OF MORGAN CITY, ET AL. | SECTION "R" (5) |

## **ORDER AND REASONS**

On January 13, 2016, the Court granted summary judgment on plaintiff Sonia Todd's section 1983 civil rights claim, finding that Todd failed to exhaust her administrative remedies while she was incarcerated at the Morgan City Jail.[1] Todd now moves the Court to alter or amend its ruling under Federal Rule of Civil Procedure 59(e).[2]

In support of her motion, Todd submits an affidavit, executed on January 27, 2016, in which she swears that she was "never informed" of the Morgan City Jail's administrative remedy procedure.[3] Todd also submits an affidavit, executed on February 2, 2016, in which counsel's secretary Elizabeth Downey swears that she contacted the editor of the *Louisiana Register*, who informed Downey that the Morgan City Jail did not submit its

---

[1] R. Doc. 67.

[2] R. Doc. 69.

[3] R. Doc. 69-3 at 2 ¶ 7-8.

administrative remedy procedure to the publication.[4] Todd attaches to Downey's affidavit an email exchange between Downey and the editor, which Downey initiated on January 14, 2016—one day after the Court granted summary judgment in defendants' favor. Todd argues that these affidavits directly contradict defendants' summary judgment evidence that the Morgan City Jail had an administrative remedy procedure in place and that Todd failed to comply with that procedure by neglecting to file a formal inmate grievance.

Reconsideration of a judgment under Rule 59(e) is an "extraordinary remedy that should be used sparingly" to correct "manifest errors or law or fact or to present newly discovered evidence." *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). "Rule 59(e) motions are not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment." *Id.*

Here, Todd argues that her affidavit and the affidavit of her attorney's secretary constitute "newly discovered evidence."[5] Because none of the information within either affidavit is truly "new," reconsideration of the

---

[4] R. Doc. 69-4 at 1-2.

[5] R. Doc. 69-2 at 8.

Court's ruling is not warranted. Todd attempts to use her sworn declaration—executed *after* the Court's entry of judgment—to re-urge the argument, which the Court has already disposed of, that Todd was "unfamiliar" with the Morgan City Jail's administrative remedy procedure. Further, by Todd's own evidence, Elizabeth Downey undertook to "discover" that the jail's administrative remedy procedure was not published with the state only *after* the Court's granted summary judgment in defendants' favor.[6] Todd has not offered any reason why this evidence was unavailable at the time she filed her opposition to defendants' motion for summary judgment. Thus, Todd's "unexcused failure to present evidence available at the time of summary judgment" does not warrant the relief she seeks. *ICEE Distrib., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847-48 (5th Cir. 2006).

Even if the Court were to consider the new evidence presented, the result would remain the same. Todd swears that she was "never informed of an administrative remedy procedure . . . or provided any [grievance] forms."[7] Todd's sworn declaration does not refute defendants' evidence that the forms were readily available to all inmates who asked for one. According to

---

[6] *See* R. Doc. 69-4 at 3.

[7] R. Doc. 69-3 at 2.

defendant Lieutenant Liner's affidavit, the Morgan City Jail's "Inmate Orientation Guide" is "conspicuously posted in five areas throughout the jail for constant reference by the inmates."[8] This guide plainly reads, "Grievance forms can be obtained by any correctional officer. If an inmate has a grievance that form must be filled out . . . ."[9]

As the Court explained in its order granting summary judgment, Todd's ignorance of or "unfamiliar[ity]" with the jail's administrative remedy procedure does not excuse her failure to exhaust. *See, e.g., Gonzales v. Crawford*, 419 F. App'x 522, 523 (5th Cir. 2011). Todd continues to argue that the failure to exhaust is excusable when a defendant has "hampered" an inmate's ability to utilize the administrative remedy procedure, without any evidence that defendants have done so here. Further, Todd points to Morgan City's failure to publish its administrative remedy procedure in the *Louisiana Register*, which is legally irrelevant. *Kondylis v. Strain*, 117 So. 3d 1255, 1257 (La. 2013) (holding publication requirement does not apply to "political subdivisions"); *see also* La. Const. art. 6, § 44 (defining "political subdivision" as "a parish, municipality, and any other unit of local

---

[8]  R. Doc. 70, Exhibit A.

[9]  *Id.* at Liner 7.

government . . . authorized by law to perform governmental functions"). Accordingly, the Court DENIES the motion.

New Orleans, Louisiana, this 14th day of March, 2016.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE